**Petition for Writ of Mandamus Dismissed and Memorandum Opinion filed September 30, 2020.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-20-00665-CV
_____

## IN RE PUBLIC INTEREST LEGAL FOUNDATION, INC., Relator

**ORIGINAL PROCEEDING**
**WRIT OF MANDAMUS**

**Harris County, Texas**

# MEMORANDUM OPINION

On September 28, 2020, relator Public Interest Legal Foundation, Inc. (the "Foundation" or "relator") filed a petition for writ of mandamus in this court. *See* Tex. Elec. Code § 273.061; *see also* Tex. R. App. P. 52.

According to its petition, relator is a nonpartisan, public interest organization incorporated and based in Indianapolis, Indiana. Relator's mission is to promote the

integrity of elections nationwide through research, education, remedial programs, and litigation. Relator also seeks to ensure that voter qualification laws and election administration procedures are followed.

The respondent is Ann Harris Bennett, in her capacity as the Voter Registrar for Harris County, Texas ("Bennett"). Relator argues that it is entitled to mandamus relief because Bennett allegedly is failing to perform her ministerial duty to reject and challenge all voter registration applications that do not contain a "YES" answer to the question "Are you a United States citizen?"

Relator asks this court to compel Bennett to:

1. Review all new voter registration applications received for compliance with Election Code Section 13.002(c)(3);

2. Reject any application that contains a "NO" answer to the citizenship question or does not answer "YES" to the citizenship question;

3. Review all previously filed applications of registered voters, or permit the Foundation to review them, and initiate challenge procedures for any registrant who has not submitted an application that contains a "YES" answer to the citizenship question;

4. Review all previously filed applications of registered voters, or permit the Foundation to review them, and initiate challenge procedures for any registrant who has submitted an application that contains a "NO" answer to the citizenship question; and

5. Report findings of any such review to this court and to the Secretary of State of Texas.

Before we can reach the merits of relator's petition, we first must determine whether relator has standing to bring this original proceeding. *In re Hotze*, No. 14-08-00421-CV, 2008 WL 4380228, at *1 (Tex. App.—Houston [14th Dist.] July 10, 2008, no pet.) (per curiam) (mem. op.). The relator's standing is an element of our

2

subject-matter jurisdiction. *Tex. Ass'n of Bus. v. Tex. Air Control Bd*., 852 S.W.2d 440, 443–44 (Tex. 1993). Subject-matter jurisdiction is never presumed, and lack of subject-matter jurisdiction is fundamental error that cannot be waived. *Id*. When we sua sponte review a party's standing, we construe the petition in favor of the party and, if necessary, review the entire record to determine if any evidence supports standing. *Id*. at 446. Standing is a constitutional prerequisite to obtaining judicial relief, and courts have no subject-matter jurisdiction over and therefore must dismiss claims made by parties who lack standing to assert them. *See Heckman v. Williamson Cty*., 369 S.W.3d 137, 150 (Tex. 2012).

## REQUIREMENTS FOR STANDING

Relator seeks mandamus relief under section 273.061 of the Election Code, which provides:

> The supreme court or a court of appeals may issue a writ of mandamus to compel the performance of any duty imposed by law in connection with the holding of an election or a political party convention, regardless of whether the person responsible for performing the duty is a public officer.

Tex. Elec. Code § 273.061. To have standing under section 273.061, a party must demonstrate that it "possesses an interest in a conflict distinct from that of the general public, such that the defendant's actions have caused the plaintiff some particular injury." *In re Kherkher*, 604 S.W.3d 548, 553 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding) (quoting *Williams v. Lara*, 52 S.W.3d 171, 178 (Tex. 2001)). The claimant must show a particularized injury beyond that of the general public. *Id*. "Our decisions have always required a plaintiff to allege some injury distinct from that sustained by the public at large." *Brown v. Todd*, 53 S.W.3d 297, 302 (Tex. 2001).

3

## RELATOR'S FAILURE TO SHOW STANDING

Relator argues that it is harmed or injured by Bennett's alleged noncompliance with the Election Code because Bennett's noncompliance has impaired and will continue to impair relator from carrying out its mission to promote election integrity and compliance with federal and state statutes that ensure the integrity of elections. Relator lacks standing because it has not shown that it has an interest or a particularized injury that is distinct from that of the general public. *See e.g.*, *In re Kherkher*, 604 S.W.3d at 553.

## CONCLUSION

Because relator has not shown that it has standing to seek mandamus relief under section 273.061 of the Election Code, this court lacks subject-matter jurisdiction. We therefore dismiss relator's petition for writ of mandamus for lack of jurisdiction.

PER CURIAM

Panel consists of Justices Spain, Hassan, and Poissant.

4